IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Case No. 3:24-cv-00763-MOC-DCK

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| **NAIDAISHA GASTON** | ) ) |
| Plaintiff-Intervenor | ) ) |
| v. | ) ) ) |
| **CINERGY ENTERTAINMENT GROUP, INC.** | |
| Defendant. | |

**PLAINTIFF-INTERVENOR'S COMPLAINT IN INTERVENTION**

Now comes Plaintiff-Intervenor Naidaisha Gaston ("Ms. Gaston"), complaining of Defendant Cinergy Entertainment Group, Inc. (hereinafter "Defendant"), alleges the following:

## NATURE OF ACTION

Pursuant to the Court's Order granting Ms. Gaston's Motion to Intervene pursuant to Fed. R. Civ. P. 24(a)(1) and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et. seq.* ("ADA"), this is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Ms. Gaston, who was adversely affected by such practices. As alleged with greater particularity below, Ms. Gaston alleges that Defendant refused to hire her in retaliation for engaging in protected activity in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e–5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991,

42 U.S.C. § 1981a.

2. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII"); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

4. Ms. Gaston is a resident of Cabarrus County, North Carolina.

5. The Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

6. Defendant, a Texas corporation, operates multiple cinema and entertainment centers around the country, including a facility in Charlotte, North Carolina.

7. At all relevant times, Defendant has continuously been doing business in the State of North Carolina and the City of Charlotte and has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

9. More than thirty (30) days prior to the institution of this lawsuit, Ms. Gaston filed a charge with the Commission alleging violations of Title VII by Defendant. Defendant responded to Ms. Gaston's charge and participated in all aspects of the Commission's administrative investigation.

10. By letter dated May 2, 2024, the Commission notified Defendant that the Commission found reasonable cause to believe that Defendant violated Title VII and invited Defendant to join

with the Commission in informal methods of conciliation to eliminate the discriminatory practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. By letter dated June 25, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. On August 23, 2024, Ms. Gaston filed her Motion to Intervene and Memorandum in Support with this Court pursuant to Fed.R.Civ. P.24(a)(1) and Title VII, 42 U.S.C. § 2000e-5(f)(1).

15. On August 28, 2024, Ms. Gaston files this complaint pursuant to the Court granting Ms. Gaston's Motion to Intervene.

16. Ms. Gaston has complied with all procedural prerequisites and conditions precedent prior to filing these claims.

17. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### COUNT 1:

*RETALIATION IN VIOLATION OF TITLE VII*

18. Ms. Gaston realleges and incorporates by reference the allegations set forth in paragraphs 1 through 17 above. Unless otherwise stated, the relevant time frame for the following allegations is from October 2022 through December 2023.

19. Ms. Gaston was formerly employed by Defendant from approximately July 2022, through October 2022 as a bartender at Defendant's facility in Charlotte, NC.

20. In or around October 2022, Ms. Gaston informed a general manager that she was pregnant.

21. Approximately one week later, Defendant terminated her employment for alleged policy

violations.

22. Ms. Gaston filed a Charge of Discrimination with the Commission on or about March 3, 2023.

23. The Commission investigated the charge, and Ms. Gaston participated in that investigation.

24. Ms. Gaston's filing of a Charge of Discrimination with the Commission and her participation in the Commission's investigation are protected activities under Title VII.

25. In or around December 2023, Ms. Gaston applied for an open bartender position with Defendant.

26. Ms. Gaston called the General Manager to ask about the status of her application. The General Manager asked her if she was the one who filed the "EEOC charge."

27. The General Manager told Ms. Gaston he could not give her a job and told her to talk to the Vice President.

28. In or around December 2023, Ms. Gaston called the Vice President.

29. The Vice President informed Ms. Gaston that Defendant would not hire her because Ms. Gaston had previously filed a Charge of Discrimination against Defendant.

30. The Vice President also told Ms. Gaston not to apply with Defendant again.

31. Defendant refused to hire Ms. Gaston because she engaged in protected activity by filing a Charge of Discrimination with the Commission against Defendant, and/or by participating in the Commission's investigation of the charge.

32. The effect of the practices complained of above has been to deprive Ms. Gaston of equal employment opportunities and otherwise adversely affect her status as an employee because Ms. Gaston engaged in protected activity.

33. The practices complained of above created significant emotional distress and caused Ms. Gaston to feel anxious, upset, depressed, and required her to seek medical treatment.

34. The practices complained of above created significant financial distress and caused Ms. Gaston to feel anxious, upset, depressed, and required her to seek medical treatment.

35. The unlawful employment practices complained of above were intentional.

36. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Gaston.

## **REQUEST FOR RELIEF**

WHEREFORE, Ms. Gaston requests the following relief:

a) That she recovers compensatory damages against Defendant in an amount in excess of $100,000;

b) That she recovers punitive damages against Defendant in an amount in the judgment of the jury;

c) That she be awarded pre-trial and post-judgment interest on all amounts awarded herein;

d) That she be awarded the costs of this action; and

e) That she be granted further relief as the court deems just and proper.

## **MS. GASTON'S DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ms. Gaston hereby demands a trial by jury on all issues presented herein.

This the 28th day of August 2024.

/s/ *M. Anthony Burts II*
M. Anthony Burts II
Attorney for Plaintiffs
N.C. State Bar No.: 49878
2520 Sardis Road North, Suite 234
Charlotte, NC 28227
Telephone (704) 751-0455
Anthony@burtslaw.com

# CERTIFICATE OF SERVICE

       The undersigned attorneys hereby certify that they have on this date served a copy of the foregoing **Ms. Gaston's Complaint in Intervention** pursuant to Fed. R. Civ. Pro. 5 (b) (1) and with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following parties to this action:

**Equal Employment Opportunity Commission (EEOC)**

Emily J.C. Maloney
NC Bar No. 52820
Trial Attorney
EEOC, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (980) 296-1252
emily.maloney@eeoc.gov


Nicholas Wolfmeyer
(Fl. Bar No.: 127218) Trial Attorney
Equal Employment Opportunity Commission
Charlotte Area Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 909-5623
Fax: (704) 954-6412
Attorney for Plaintiff EEOC

**Defendant**

Steve A. Rowe
Poyner Spruill, LLP
PO Box 353
Rocky Mount, NC 27802
srowe@poynerspruill.com


                                          */s/ M. Anthony Burts II*
                                          M. Anthony Burts II
                                          Attorney for Plaintiffs
                                          N.C. State Bar No.: 49878
                                          2520 Sardis Road North, Suite 234
                                          Charlotte, NC 28227
                                          Telephone (704) 751-0455
                                          Anthony@burtslaw.com