UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24cv763

| | |
|---|---|
| EQUAL EMPLOYMENT )<br>OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>and )<br>)<br>NAIDAISHA GASTON, )<br>)<br>Plaintiff-Intervenor, )<br>v. )<br>)<br>CINERGY ENTERTAINMENT GROUP, )<br>INC., )<br>)<br>Defendant. )<br>) | **ORDER AND JUDGMENT<br>ON CONSENT DECREE** |

**THIS MATTER** is before the Court on the parties' Joint Motion to Approve Consent Judgment. (Doc. No. 13). The Court **GRANTS** the motion and approves the Consent Decree as follows:

This Consent Decree embodies the final terms of resolution for the above-styled civil action, as agreed to by the Equal Employment Opportunity Commission ("Commission"), Naidaisha Gaston ("Gaston"), and Cinergy Entertainment Group, Inc. ("Defendant") and as entered by this Court.

## I. BACKGROUND

1. The Equal Employment Opportunity Commission instituted this action pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991,

42 U.S.C. § 1981a, to correct alleged unlawful employment practices based on retaliation, and to secure appropriate relief for Naidaisha Gaston ("Gaston"). Thereafter, Gaston, through counsel, filed an Intervenor Complaint alleging an identical violation of Title VII.

2. The Commission's Complaint alleges that Defendant retaliated against Gaston for participating in a protected activity, in violation of Title VII, when Defendant failed to hire Gaston because she filed previously an EEOC Charge of Discrimination against Defendant. Defendant has denied and continues to deny the allegations.

3. The Commission, Gaston, and Defendant (the "Parties") have engaged in settlement negotiations and agreed to resolve the allegations contained in the Lawsuit without the burden, expense or delay of further litigation. The Parties have agreed that this action should be finally resolved by this Consent Decree ("Decree") and that this Decree is final and binding on the Parties, their successors and assigns.

## II.    FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

a. This Court has jurisdiction over the Parties and the subject matter of this action;

b. The terms of this Decree are adequate, reasonable, equitable, and just;

c. The rights of the Parties and the public interest are adequately protected by this Decree;

d. The purpose and provisions of Title VII will be promoted and effectuated by the entry of this Decree; and

e. This Decree, by the terms contained herein, constitutes a fair and equitable settlement between the Parties and fully and effectively resolves all matters in controversy relating to the above-styled civil action and the underlying administrative charge.

### III. TERMS

WHEREFORE, it is **ORDERED, ADJUDGED and DECREED** as follows:

5. This Court will retain jurisdiction for the duration of this Decree, which shall be for a period of two (2) years from the date of entry of this Decree by this Court. No party shall contest the jurisdiction of this Court to enforce this Decree and the terms hereunder, nor shall any party contest the right of the Commission or the Defendant to bring an enforcement action seeking compliance upon an alleged breach of any term of this Decree.

6. This Decree fully and finally resolves the claims asserted by the Commission and Ms. Gaston in her separate intervenor complaint in this action, styled above as *Equal Employment Opportunity Commission and Naidaisha Gaston v. Cinergy Entertainment Group, Inc.,* Civil Action No. 3:24-cv-000763, and the claims asserted by Ms. Gaston in the underlying administrative charge, EEOC Charge No. 430-2024-01033.

7. This Decree does not resolve any other charge of discrimination filed with the Commission, whether previously filed with the Commission, currently pending before the Commission or which may be filed with the Commission in the future. The Commission reserves all rights to proceed with the investigation and/or litigation of any other charges or claims, including, but not limited to, the investigation and litigation of any pending or future charges or claims against Defendant and all affiliated entities. Defendant reserves the right to defend such actions. Enforcement of this Consent Decree cannot be used to circumvent the EEOC's pre-suit obligations under Title VII prior to filing suit on behalf of any aggrieved individual. This Consent Decree is the result of negotiation and compromise among the Parties of disputed claims and shall not be construed as evidence of any violations by Defendant of any federal statute, regulation, or common law obligation.

8. The terms of this Decree are and shall be binding upon the Parties and upon the present and future representatives, agents, directors, officers, successors, and assigns of Defendant.

9. If any provision of this Decree shall be deemed unenforceable, the remaining provisions shall survive and remain in full force and effect.

## IV. INJUNCTIVE RELIEF

10. Defendant, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from:

   a. Discriminating or retaliating against any employee or applicant for employment because that individual has opposed any practice made unlawful under Title VII, including by failing to consider an individual for employment or making an individual ineligible for employment consideration.

   b. Discriminating or retaliating against any employee or applicant for employment because that individual has made a charge, testified, assisted, or participated in any manner in an investigation, or proceeding under Title VII, including by failing to consider an individual for employment or making an individual ineligible for employment consideration.

## V. MONETARY RELIEF

11. Within thirty (30) days of the entry of this Decree, Defendant shall pay to Gaston, through her representative, the total sum of **$137,000** (**One Hundred Thirty-Seven Thousand Dollars**) ("Settlement Payment") in full and final settlement of the civil action, *Equal Employment Opportunity Commission and Naidaisha Gaston v. Cinergy Entertainment Group, Inc.,* Civil Action No. 3:24-cv-000763, and the claims asserted by Gaston in the underlying administrative

charge, EEOC Charge No. 430-2024-01033. Defendant shall make payment by issuing three checks.

The first check shall be written for back wages in the amount of **$16,400 (Sixteen Thousand Four Hundred Dollars)**. The check will be made payable to payable to "Naidaisha Gaston" less all applicable tax withholdings, for claims related to lost wages (reported on an IRS Form W-2) and sent to an address provided by Ms. Gaston's counsel of record.

The second check shall be written in the amount of **$65,600** (**Sixty-Five Thousand Six Hundred Dollars)**. The check will be made payable to "Naidaisha Gaston" and sent, together with a 1099 form, to an address provided by Ms. Gaston's counsel of record.

The third check shall be written in the amount of **$55,000 (Fifty-Five Thousand Dollars)**. The check will be made payable to "Burts Law, PLLC" to a mailing address provided by Ms. Gaston's counsel of record.

Defendant shall send all three checks and their corresponding documents via tracked commercial delivery service to a mailing address provided by Ms. Gaston's counsel of record. Concurrently, copies of the checks shall be submitted to the Commission by electronic mail at [EEOC-CTDO-decree-monitoring@eeoc.gov](EEOC-CTDO-decree-monitoring@eeoc.gov).

12. Neither the Commission nor Defendant makes any representation, or assumes responsibility for any tax liability, assessments, interest, penalties, and/or costs that Gaston may or may not incur on such payments under local, state, and/or federal law.

13. If the Commission is required to issue a Form 1098-F in connection with payments made under this Decree, the EIN and the name and address of the employee of each Defendant to whom the copy of the Form 1098-F should be directed are as follows:

    Defendant's EIN: 47-3338073

Name: Cinergy Entertainment Group, Inc.

Physical Address: 5005 LBJ Freeway, Suite 525, Dallas, TX, 75244

14. The Commission has made no representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission. The Parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## VI. NON-MONETARY RELIEF

### A. Employment Records

15. Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall eliminate from Gaston's personnel records all documents, entries, or references of any kind relating to the facts and circumstances surrounding the filing of this litigation and the underlying administrative action identified by EEOC Charge Number 430-2024-01033 and shall notify the Commission of compliance with this paragraph.

16. If Defendant receives an inquiry about Ms. Gaston from a potential employer, Defendant shall provide a neutral reference stating only her dates of employment and job title.

### B. Policy And Procedure Revisions

17. Within sixty (60) days of the entry of this Consent Decree, Defendant shall ensure that its employee handbook includes a clear anti-retaliation policy ("Retaliation Policy") that states that that retaliation for filing a charge with the Equal Employment Opportunity

Commission (EEOC), participating or assisting an EEOC investigation, or giving testimony in an EEOC investigation is prohibited.

18. Within sixty (60) days of the entry of this Consent Decree, Defendant shall revise its Retaliation Policy to indicate: that employees are welcome and encouraged to report suspected discriminatory or retaliatory behavior to any manager, the Human Resources Department, or via its Team Member Hotline and that a prompt and thorough investigation will be completed by an investigator who is well-trained, objective, and neutral.

19. Defendant shall revise its Retaliation Policy to indicate that after the investigation is completed, Defendant shall promptly share the results of the investigation and consequences for the offending party (if any) with the employee who reported the suspected discriminatory or retaliatory behavior.

20. Defendant shall revise its Retaliation Policy to state that an employee who reports behavior that he or she reasonably believes to be discriminatory or retaliatory will not be disciplined, penalized, or further retaliated against for reporting the suspected violation of discriminatory or retaliatory behavior.

21. Within ninety (90) days of the entry of this Consent Decree, Defendant shall distribute the revised Retaliation Policy to all salaried members of management at all locations and human resources personnel at its corporate location via email and made available to them electronically.

22. Defendant shall certify compliance with the requirements of this subsection by providing written Notice to the Commission within ninety (90) days of entry of this Consent Decree.

**C. Training**

23. During the term of this Consent Decree, Defendant shall provide an annual

training program of at least sixty (60) minutes to all salaried management personnel at all locations and all corporate HR personnel, including Defendant's Vice President of Human Resources., at its own expense. The first annual training must include an interactive component and will be delivered via video teleconferencing platform, except that all salaried management personnel in the Charlotte Location and all corporate HR personnel, who are absent from work due to reasons such as vacation, illness, or leave of absence when the training is provided, can satisfy this provision by viewing a recorded version of the training. The subsequent training may be delivered by recording or video teleconferencing platform. Each training platform shall include an explanation of:

      a.      The requirements of Title VII and;

      b.      Title VII's prohibition against discrimination and retaliation against individuals who have engaged in protected activity and the Defendant's obligations in regard to responding to a complaint and conducting an investigation; and

      c.      The training shall include, but need not be limited to, Title VII of the Civil Rights Act of 1964, as amended, employees' various avenues for filing an internal complaint, Defendant's obligations in responding to complaints, Defendant's investigation procedures and sharing of the investigation results and consequences of the investigation, employees' recourse if they are dissatisfied with Defendant's response, and the affirmative responsibility of Defendant's management and human resources personnel to prevent discrimination and retaliation from occurring.

24. The first training conducted under this section shall be completed within six (6) months of the entry of this Consent Decree, and the second training shall be completed within twelve (12) months after the first training.

25. At least fifteen (15) days prior to each training program, Defendant shall submit to the Commission an agenda for the training program with a time, date, and location of the training program by electronic mail directed to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is acceptable to the Commission unless otherwise notified by the Commission within five (5) days of submission of the agenda.

26. Within thirty (30) days after the completion of each training program, Defendant shall provide the Commission with written notice of the date and time the training took place, a document detailing what took place at the training, the identity of the person(s) who conducted the training, a roster of the number of employees by job title who completed the training, and signed attendance confirmation by each employee who received the training.

27. If at any time during the effective period of this Consent Decree, Defendant hires or promotes an individual to a position of a salaried member of management at any location or to a corporate HR position who did not participate in the most recent training program provided, Defendant will provide that person a self-paced computer-based learning module that includes the subjects described in Paragraph 22 within sixty (60) days of that individual's placement in the new position.

28. Defendant shall allow one or more representative(s) from the Commission to attend any training programs required by this Decree with notice at the sole discretion of the Commission. For any training conducted virtually, the Commission representative will be provided login credentials.

**D.     Notice Posting**

29. Within thirty (30) days of the entry of this Consent Decree, and continuing throughout the term of this Decree, Defendant shall post the attached Employee Notice, marked

as Exhibit A and hereby made a part of this Consent Decree, both (i) on its internal intranet where it will be available to all employees at all locations; and (ii) in a conspicuous place upon the premises of the all locations where notices to employees are customarily posted. The physically posted Notice shall be laminated and on paper that is no smaller than 8.5 x 11 and by PDF on a document that is no smaller than 8.5 x 11 if posted electronically. If the Employee Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Employee Notice. Within forty-five (45) days of the entry of this Consent Decree, Defendant will certify to the Commission that the Employee Notice has been posted.

### E. Compliance Reporting and Inspection

30. During the term of this Consent Decree, Defendant shall provide the Commission with three reports. The first of these reports will be due one hundred twenty (120) days after the entry of this Decree. The second and third reports will be due nine (9) months after the previous report. The reports will include the following information:

    a. The identity of each employee of who at any time during the reporting period reported discrimination or retaliation, either verbally or in writing to Defendant or to the Commission:

    b. For each employee identified above, the name and job title of the person who reported the discrimination or retaliation, the date of the report, the name of the individual to whom the employee made the report, a detailed description of the report from the employee, and a detailed description of any action Defendant took in response to the report, including any investigation, the results of the investigation, and actions took because of the investigation.

    c. For each individual identified above, state whether the individual's

employment status has changed in any respect (for example, including but not limited to termination, demotion, promotion, or to part time from full time), and a detailed statement explaining why the individual's employment status has changed.

d. Defendant shall provide the social security number of an individual identified in response to this paragraph within forty-eight (48) hours of a request by the Commission. Defendant will provide the social security number in an encrypted format.

31. In the event there is no activity to report, Defendant shall send the Commission a report stating that there has been no activity. Defendant shall include in its reports a certification that the Notice identified as Exhibit A to this Consent Decree remains posted as required. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect any of facilities, interview employees, and examine and copy documents. If, during the term of this Consent decree, one party believes that the other party is in violation of this Consent Decree, the party shall give written notice of the alleged violation to the other party. The responding party shall have 14 days in which to investigate and respond to the allegations. The EEOC agrees that it will only interview current salaried employees in the presence of the Defendant's legal representative. Thereafter, the Parties shall then have a period of seven (7) days, or such additional period of time as may be agreed upon by them, in which to engage in negotiations regarding any alleged violations before the Commission initiates an enforcement proceeding.

32. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Steven A. Rowe at srowe@poynerspruill.com. All reports or other

documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: EEOC-CTDO-decree-monitoring@eeoc.gov

## V. MISCELLANEOUS PROVISIONS

33. During the term of this Decree, Defendant shall notify all such successors-in-interest of the existence and terms of this Decree.

34. Each party shall bear its own costs and attorney's fees incurred in connection with this action.

## VI. JURISDICTION

35. During the duration of this Consent Decree, the Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. Only after exhausting the process set forth in Paragraph 31 above, may the parties seek Court-ordered enforcement of the Consent Decree in the event of a breach of any provision herein.

Signed: October 25, 2024

Max O. Cogburn Jr
United States District Judge

[SIGNATURE PAGE FOLLOWS]

The remainder of this page left blank intentionally.

By Consent:

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|
| | |

COUNSEL FOR PLAINTIFF

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA C. DUGAS
Regional Attorney

YLDA KOPKA
Assistant Regional Attorney

/s/ Nicholas R. Wolfmeyer_____
Nicholas R. Wolfmeyer
Senior Trial Attorney
FL State Bar No. 127218
EEOC, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (704) 909-5623
Facsimile: (704) 954-6412
Email: Nicholas.wolfmeyer@eeoc.gov

 _/s/ Emily J.C. Maloney_____
Emily J.C. Maloney
Senior Trial Attorney
NC State Bar No. 52820
EEOC, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (980) 296-1252
Facsimile: (704) 954-6412
Email: emily.maloney@eeoc.gov

COUNSEL FOR DEFENDANT

/s/ Steven A. Rowe_____
Steven A. Rowe
NC State Bar No. 16031
PoynerSpruill LLP
1151 Falls Road, Suite 1000
Rocky Mount, NC 27804
Telephone: (252) 972-7108
Facsimile: (919) 783-1075
Email: srowe@poynerspruill.com

COUNSEL FOR INTERVENOR-PLAINTIFF

/s/ M. Anthony Burts II_____
M. Anthony Burts II
N.C. State Bar No. 49878
2520 Sardis Road North, Suite 234
Charlotte, NC 28227
Telephone: (704) 751-0455
Email: Anthony@burtslaw.com

**EXHIBIT A**

# **EMPLOYEE NOTICE**



1. This Employee Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and Cinergy Entertainment Group, Inc.

2. Federal law prohibits employers from failing to hire or rehire any employee because they have opposed unlawful employment discrimination or because they filed a charge of discrimination, gave testimony or assistance in or participated in an employment discrimination investigation, proceeding or hearing, or otherwise asserted the rights under the laws enforced by the EEOC.

3. Cinergy will comply with all such federal law. Furthermore, Cinergy will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or provided testimony, assistance or participation in any investigation, proceeding or hearing conducted internally or by the U.S. Equal Employment Opportunity Commission.

4. Employees who would like to make an internal complaint regarding discrimination or retaliation can make the complaint to any supervisor or manager or human resources personnel. In addition, employees may utilize the following phone number:

   Team Member Hotline: **1-855-358-5505**

5. Employees have the right to report allegations of employment discrimination in the workplace **directly to the Equal Employment Opportunity Commission**. An employee may contact their local Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

   **Equal Employment Opportunity Commission**
   131 M. Street, N.E.
   Washington, DC 20507
   TEL: 1-800-669-4000
   TTY: 1-800-669-6820
   www.eeoc.gov

This Notice will remain posted for two (2) years by agreement with the EEOC.
DO NOT REMOVE THIS NOTICE UNTIL: [INSERT DATE]